HUDSON COUNTY NATIONAL BANK, ETC., *ET ALS.*, PLAIN-
TIFFS-APPELLANTS, v. CHARLES R. HOWELL, COM-
MISSIONER OF BANKING AND INSURANCE OF THE
STATE OF NEW JERSEY, AND FIRST SAVINGS AND
LOAN ASSOCIATION OF JERSEY CITY, DEFENDANTS-
RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 11, 1960—Decided May 12, 1960.

Before Judges GOLDMANN, CONFORD and HANEMAN.

*Mr. Raymond A. Coleman* argued the cause for plaintiffs-appellants (*Messrs. Anderson, Rugge and Coleman,* attorneys for plaintiff-appellant Commercial Trust Company of New Jersey; *Messrs. Milton, McNulty and Augelli* and *Mr. Robert D. Corbin,* attorneys for plaintiff-appellant Hudson County National Bank; *Messrs. Lynch, Lora and Milstein,* attorneys for plaintiff-appellant The Trust Company of New Jersey).

*Mr. Emil W. A. Schumann* argued the cause for defendant-respondent The First Savings and Loan Association of Jersey City.

*Mr. David Landau,* Deputy Attorney General, argued the cause for defendant-respondent Charles R. Howell, Commissioner of Banking and Insurance (*Mr. David D. Furman,* Attorney General, attorney).

PER CURIAM. On April 10, 1959 the Commissioner of Banking and Insurance granted permission to the First Savings and Loan Association of Jersey City to establish a branch office at 315 Jackson Avenue, Jersey City. The

proceedings were had in conformity with *N. J. S. A.* 17:12A–21A (4). Forty-five days later, on May 25, 1959, the Association took possession of said premises under an option of lease and began to alter the premises for use as a branch office, undertaking obligations in excess of $30,000 in that regard. Its intended opening of the office was advertised in the public press on May 29, 1959. The office had since opened and the Association has begun to conduct its business there.

About May 28, 1959 the present appellants, three large commercial banks in Jersey City, served notice on the Commissioner that they would subsequently apply to him for an order suspending his decision to allow the branch office and to rehear the matter. They gave notice of such an application to the Savings and Loan Association and to the Attorney General June 3, 1959, returnable June 9, 1959. This was accompanied by a petition reciting that they had not known of the Association's application until May 27, 1959 and claiming a right to be heard on the matter under the authority of the decision in *Elizabeth Federal S. & L. Assn. v. Howell,* 24 *N. J.* 488 (1957). The complaint, filed in the Law Division June 19, 1959, recites that appellants presented oral argument in support of their application before the Acting Commissioner on June 9 and that the application was then denied in its entirety by the latter. It demanded that the Commissioner grant them a full hearing in the premises and that the Savings and Loan Association be restrained from establishing its branch office in the meantime.

On July 24, 1959 a judge of the Law Division transferred the action to the Appellate Division. Separate appeals were filed by appellants July 22, 1959 to the Appellate Division from the Commissioner's original decision of April 10, but these were later dismissed on motion as out of time.

The only matter now before us, consequently, is the validity of the denial of the application for rehearing laid before the Department of Banking and Insurance on June 9, 1959.

Although no written determination was filed by the Acting Commissioner at the time, he has filed an affidavit by way of record in the cause explaining his action. This may be summarized as follows. The *Elizabeth Federal* case does not hold for an absolute right of hearing to banks where the application is for a savings and loan branch office, but at most gives the Commissioner discretionary jurisdiction to allow such a hearing. There was no proper occasion for a hearing at the instance of the petitioning banks as the matter had been fully and regularly heard and decided under the statute, which did not provide for notice of such an application to be served upon any banks. The successful savings and loan association had permitted 45 days to elapse (period for appeal from decision of the Commissioner) before acting on the permission granted it, and had materially changed its position before rehearing attempts were instituted by appellants.

The basic position of the banks on this appeal is that they had an absolute right to be afforded a hearing of their objections to the proposed branch office of the savings and loan association under the authority of the *Elizabeth Federal* case cited above. Our examination of that decision and of the pertinent statute leads us to disagree. The Commissioner might properly have heard them had they intervened while the matter was pending before him, and the *Elizabeth Federal* decision indicates that at that stage it would be wise that he do so in view of the banks' right, as interested parties, notwithstanding the absence of a statutory provision for notice to them of the application, to appeal the decision, and apply for amplification of the record under *R. R.* 4:88–9 (see 24 *N. J.*, at *p.* 505). Upon decision of the matter by the state agency the question of reopening to hear objections by interested parties who had not sought to intervene previously became even more markedly one for the discretion of the Commissioner (subject, of course, to any proper application to the court for taking additional proofs upon a timely appeal from the decision). We certainly cannot

say that there was an abuse of discretion in the refusal of the Commissioner to reopen his decision and grant a rehearing of the matter under the facts and circumstances obtaining when the application therefor was here made.

Affirmed.